IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § § § | CASE NO. 6:12-CR-59-JDK |
| TRAVIS LANARD PORTER (4) | § § | |

**REPORT AND RECOMMENDATION
ON REVOCATION OF SUPERVISED RELEASE**

On March 19, 2020, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Alan Jackson. Defendant was represented by Matt Millslagle.

*Background*

After pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute Less than 28 Grams of a Mixture or Substance Containing Cocaine Base ("Crack") (Count 1), a Class C felony, and Use, Carrying and Possession of a Firearm During and in Furtherance of a Drug Trafficking Crime (Count 5), a Class A felony, Defendant Travis Lanard Porter was sentenced on March 24, 2014 by United States District Judge Michael H. Schneider. The Count 1 offense carried a statutory maximum imprisonment term of 20 years and the Count 5 offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of VI, was 51 to 63 months. Defendant was convicted of an offense in violation of 18 U.S.C. § 924(c) and his minimum term of imprisonment for that offense was five years to run consecutively to the other imprisonment term. Defendant was therefore sentenced to 84 months of imprisonment followed by a 5-year term of supervised release. The sentence consisted of 24 months of imprisonment for Count 1 and 60 months of

1

imprisonment for Count 5, to run consecutively. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include financial disclosure, drug abuse testing and treatment and a requirement to obtain a GED.

The case was re-assigned to United States District Judge Jeremy D. Kernodle, on February 5, 2019. Defendant completed his term of imprisonment and started his term of supervised release on March 15, 2019.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on March 6, 2020, United States Probation Officer Glenn Filla alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (standard condition 3): The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.** It is alleged that Defendant has not answered truthfully all inquiries by the probation officer regarding illegal substance abuse.

2. **Allegation 2 (standard condition 7**): **The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician**. It is alleged that Defendant submitted urine specimens on January 15, January 22, and February 14, 2020 that tested positive for marijuana. It is also alleged that Defendant submitted urine specimens on February 17 and February 26, 2020 that tested positive for methamphetamine.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offenses of conviction were Class A and Class C felonies.

Accordingly, the maximum imprisonment sentence that may be imposed is a total of 7 years of imprisonment; representing a maximum of 5 years for the Class A felony and 2 years for the Class C felony. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by using and thereby possessing methamphetamine as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history was VI. The guidelines provide that Defendant's guideline range for a Grade B violation is 21 to 27 months of imprisonment. The remaining allegations in the petition are Grade C violations. The guidelines provide that Defendant's guideline range for a Grade C violation is 8 to 14 months of imprisonment.

*Hearing*

On March 19, 2020, Defendant appeared for a final revocation hearing. Assistant United States Attorney Alan Jackson announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to the possession of methamphetamine that is alleged in Allegation 2 of the petition and to jointly request a sentence of 21 months of imprisonment with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to the possession of methamphetamine alleged in Allegation 2 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

## *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that the possession of methamphetamine alleged in Allegation 2 of the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 21 months of imprisonment with no supervised release to follow. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to the possession of methamphetamine alleged in Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 21 months of imprisonment with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's

supervised release and enter a Judgment and Commitment for him to be sentenced to 21 months of imprisonment with no further supervised release.

So ORDERED and SIGNED this 19th day of March, 2020.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE